[No. 1663.]

## P. A. McKENZIE, APPELLANT, *v.* GEORGE COSLETT, RESPONDENT.

RECEIVERS—COSTS—ALLOWANCE—JURISDICTION OF SUPREME COURT.

1. Costs were not recoverable at common law, and can be recovered only in pursuance of statute or rule of court.

2. A receiver appointed by the trial court under civil practice act, sec. 146 (Comp. Laws, 3241), is an officer of that court, and accountable to it, and any compensation to be allowed him as costs on appeal must be allowed by the trial court, and not by the supreme court.

PETITION for taxation of receiver's costs. **Denied.**

The facts sufficiently appear in the opinion. [Former opinion in this case reported on page 65 of this volume.]

*Cooke & Ayres* and *E. L. Williams*, for Respondent and Petitioner.

*Mack & Farrington*, for Appellant.

*Per Curiam:*

Subsequent to the decision in this cause, and prior to issuance of remittitur therein, counsel for respondent filed herein a petition on behalf of respondent, praying this court

to make an order allowing the sum of $100 for the services of the receiver, in addition to an amount of $300 allowed by the trial court for such services to the 3d day of June, 1903; said allowance of $100 to cover the services of the receiver pending the appeal, and since the date last mentioned. The petition further prays that the order provide that the said sum of $100 be taxed by the clerk of this court as costs, and be included with the other costs of the appeal, and be awarded to respondent. This petition was heard by the court, and evidence offered in support of the reasonableness of the amount prayed for; counsel for both appellant and respondent appearing at such hearing.

Our attention has not been called to any statute or rule of court by which we would be authorized to allow additional compensation that may be due the receiver as costs on appeal; nor have we been able to find such, or any precedent for a proceeding of this kind. Costs were not recoverable *eo nomine* at common law, and therefore can be recovered only in pursuance of the provisions of statute or rule of court. (11 Ency. Law & Procedure, 24.)

The receiver in this case was appointed by the trial court in accordance with the provisions of section 146 of the civil practice act (Comp. Laws, 3241), and is an officer of that court, and accountable to it for the trust imposed upon him. He has not been discharged, and the trial court still has jurisdiction to determine the amount of any additional compensation that he may be entitled to, upon the matter being properly presented to the court, and to make all necessary and proper orders in the premises. (High on Receivers, 781, 797.)

The petition is therefore denied.