[No. 2370]

J. B. DIXON, Petitioner, *v.* THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF WASHOE, Respondent.

[190 Pac. 352]

1. Costs—Not Allowable in Absence of Statutory Authority.
   Costs are wholly the creature of statute, and are not allowable in the absence of the statute permitting such allowance.

2. Costs—Attorney's Fees Not Allowable in Action for Services Appealed from Justice Court.
   An action to recover attorney's fees, appealed from a justice of the peace to the district court, is tried as other trials in the district court under Rev. Laws, 5794, and, since there is no statute authorizing the allowance of attorney's fees to the successful plaintiff in such an action, none can be allowed in view of Rev. Laws, 5376, providing that the compensation of the attorney is governed by agreement, express or implied.

3. Certiorari—Inquiry Limited to Jurisdiction of Lower Court.
   In original proceedings in certiorari to review a judgment including attorney's fees because the court had no jurisdiction to allow such fees, the inquiry will not be extended further than to determine whether the lower court had jurisdiction to make the order complained of.

ORIGINAL PROCEEDING in certiorari by J. B. Dixon against the Second Judicial District Court of the State of Nevada, in and for the County of Washoe. **Writ**

**granted,** and judgment of court modified by striking therefrom the allowance of the attorney's fees. ·

*J. B. Dixon,* for Petitioner:

In certiorari there are no formal pleadings on the part of respondent or defendant. In some jurisdictions the respondent is termed the defendant. The return takes the place of an answer in an ordinary action, and is sometimes designated as such. 2 Spelling, Extr. Rem., sec. 2005.

When the writ is directed to a tribunal, the clerk shall return the writ with the transcript required. There is no provision for the payment of fees of any kind to the clerk, or that he shall make return on the payment thereof, as in some jurisdictions. People v. Onderkirk, 27 N. Y. Supp. 821. In the absence of statutory method of procedure or practice in special proceedings, the civil practice act must be followed, so far as applicable. There being no provision in the statute concerning certiorari, as to fees or costs, the general practice must be followed. The statute provides that an appeal from a judgment of the district court in certiorari may be taken "in the same manner and upon the same terms as from a judgment in a civil action." Rev. Laws, 5693. "The writ of review shall command the party to * * * annex to the writ a transcript of the record or proceeding." Rev. Laws, 5687.

If the clerk is entitled to payment of his fees in advance, he must make demand for some specified amount, and it must be the correct amount of his fees. People v. Board, 20 N. Y. Supp. 280. The court will compel a respondent to make return. Talbot v. White, 1 Wis. 444; Pittman v. Haggins, 91 Ga. 107; McManus v. McDonough, 4 Ill. App. 180.

*Anthony M. Turano,* for Respondent:

This case originated in the justice court, which had jurisdiction, and was thereafter appealed, on questions both of law and fact, to the district court, by the

defendant, petitioner herein. There is no dispute as to whether the justice court has power to allow attorney's fees to the prevailing party. The jurisdiction of the district court in a trial de novo appeal from the justice court is entirely derivative; it has the same jurisdiction as the justice court. Fitchett v. Henley, 31 Nev. 341; Martin v. District Court, 13 Nev. 90. Where the justice court has no jurisdiction, the district court cannot try the case de novo on appeal, although it may have original jurisdiction of the subject-matter. Fitchett v. Henley, supra; Phillips v. Snowden, 40 Nev. 66.

The judgment of the justice court is vacated as soon as the record is sent to the district court on appeal on both questions of law and fact (12 Ency. Pl. & Pr., p. 799), but the district court having assumed the same jurisdiction as the justice court had originally, neither party can suffer by reason of the appeal, since the rights they had as to costs and attorney's fees in the justice court will be given them in the district court, which acts with the same jurisdiction as the justice court in a trial de novo. City v. Scharts, 13 N. W. 552; Nurse v. Justus, 6 Or. 75; Peacock v. Leonard, 8 Nev. 84.

By the Court, SANDERS, J.:

This is an original proceeding in certiorari. The return to the writ shows that A. Grant Miller and Gray Mashburn, copartners doing business under the firm name and style of Miller & Mashburn, brought an action in the justice court, Reno township, county of Washoe, against J. B. Dixon, to recover the sum of $138.88 for legal services rendered the defendant under a special contract of employment. The justice rendered judgment for the full amount and taxed and included in the judgment the costs allowed by law. J. B. Dixon appealed the case to the district court, where a trial was had de novo before said court without a jury. The court, in accordance with its findings of facts and conclusions of law, gave judgment as follows:

"Now, therefore, by reason of the premises, it is ordered, adjudged, and decreed that the plaintiff herein have and recover from the said defendant the sum of $138.88, and also. costs of this action and an attorney's fee of $75."

The relator contends that the trial court was without jurisdiction, power, or authority to include in its judgment the item of $75 as an attorney's fee. That this contention is correct, we fully agree.

1. Costs are wholly the creature of statute, and hence are not allowable in the absence of a statute permitting such allowance. 20 Cyc. 24; 5 Ency. Pl. & Pr. 110; 7 R. C. L. 792.

2. The compensation of an attorney and counselor for his services is governed by agreement, express or implied, and is not restrained by law. Rev. Laws, 5376.

The general rule is that counsel fees are not recoverable by a successful party either in an action at law or in equity, except in the enumerated instances where they are expressly allowed by statute. Mooney v. Newton, 43 Nev. 441; Miller v. Kehoe, 107 Cal. 340; 40 Pac. 485. And, in the absence of a statute authorizing it in plain terms, no such fee can be taxed on appeal. 11 Cyc. 231; 5 Standard, 1009.

Turning to our statute, we find no warrant therein for the allowance of an attorney's fee on appeal from a justice court. When an action commenced in said court is tried anew on appeal, the trial must be conducted in all respects as other trials in the district court. Rev. Laws, 5794. But there is nothing in this provision or under any other section of the practice act that confers upon the district court power to award costs not expressly authorized by statute.

3. The inquiry on a writ of certiorari will not be extended further than to determine whether the inferior tribunal has jurisdiction to make the order complained of.

Being of the opinion that the court exceeded its jurisdiction in awarding an attorney's fee, the judgment

will be modified according to the views here expressed. As thus modified, the same will be and is hereby affirmed.