No. 2546

## PAGE *v.* WALSER

March 10, 1924.                         223 Pac. 1079.

OPINION ON COSTS

1. COSTS—PRACTICE OF AWARDING AND TAXING COSTS AND RELATED MATTERS ARE REGULATED BY STATUTE.

     The practice of awarding and taxing costs on appeal, the time within which the cost bill must be filed, and items allowable are matters of statutory regulation amplified by court rules.

2. COSTS—BILL FILED AFTER DECISION ON PETITION FOR REHEARING FILED IN TIME.

     A cost bill, though filed after decision on petition for rehearing, was filed in time.

3. COSTS—REASONABLE PREMIUMS ON APPEAL BONDS PROPERLY ALLOWED AS APPEAL COSTS.

     Rev. Laws, 699, authorizes a reasonable sum for premium on appeal bond as an item on appeal cost, and, in the absence of showing that the amount is unreasonable, the clerk's figures will stand.

4. COSTS—COSTS FOR REPLY TO REHEARING PETITION ARE PROPER APPEAL COSTS.

     Under Supreme Court Rule 6, subd. 1, allowing costs of typewriting appeal papers, and Rev. Laws, 5381, making allowance of costs discretionary on appeals to modify a judgment, or from denial of a new trial, costs for reply to a petition for rehearing of an appeal from denial of new trial and to modify a judgment, the petition and reply being in the nature of briefs and part of the papers on appeal, are proper appeal costs.

5. COSTS—PREVAILING PARTY'S RECOVERY FOR TYPEWRITING ON APPEAL NOT LIMITED TO PORTIONS OF TRANSCRIPT RELATING TO POINTS DECIDED IN HIS FAVOR.

     Under Supreme Court Rule 6, subd. 1, allowing cost of typewriting appeal papers, the contention that the prevailing party can recover the expense of typewriting only such portions of the transcripts and briefs as relate to the point or points decided in his favor is without merit, since costs are not contingent upon points won or lost in the appellate court, especially where the assignments of error ruled upon were necessarily incident to the main issues.

6. COSTS—COUNSEL SHOULD COMPILE STATEMENT OF SPECIFICATIONS AND POINT OUT NONPERTINENT MATTERS OF RECORD FOR WHICH COST SHOULD BE DISALLOWED.

In proceedings to review costs taxed by the clerk, counsel, out of regard for the labors of the court, should compile from the record some sort of statement of specifications pointing out what portions thereof relate to matters not pertinent and necessary to determination of the main issues decided.

7. COSTS—MODIFICATION OF JUDGMENT WITH RESPECT TO COSTS WITHOUT ORDER CARRIES COSTS.

A request for an order for modification of the judgment with respect to costs on appeal comes within Rev. Laws, 5381, making costs of appeal from an order granting a new trial or modifying a judgment discretionary with the court, and the modification of the judgment without order carries costs notwithstanding Supreme Court Rule 6, subd. 1, allowing expense of typewriting transcripts, affidavits, etc.

8. COSTS—SURPLUS MATTER BROUGHT UP ON APPEAL CHARGEABLE TO PARTY RESPONSIBLE.

On appeal from denial of a new trial and to modify the judgment, though Stats. 1915, c. 142, substituting bills of exceptions for statements on appeal, but making no provision for disallowance of expenses of typewriting surplus matter in the bills of exception, repealed Rev. Laws, 5333, requiring disallowance of such matter as costs, nevertheless unnecessary copies of pleadings, repetition of court titles, verifications, etc., brought up or incorporated in briefs, will be charged to the party responsible, in view of Rev. Laws, 5381, making allowance of costs discretionary on such appeals, and Supreme Court Rule 6, allowing expense of typewriting transcripts, etc.

ACTION by R. S. Page and another against Mark Walser and another. Judgment for plaintiffs, motion for new trial denied, defendants appealed, and the judgment was reversed in part and affirmed in part. 46 Nev. 390, 213 Pac. 107. On appellants' appeal from rulings of the clerk on the cost bill, **rulings sustained as modified.**

*Price & Hawkins,* for Appellants:

In Richards v. Vermilyea, 42 Nev. 294, 301, this court approved ruling of clerk taxing costs on behalf of appellant, premium paid on undertaking on appeal, and, citing Rev. Laws, 699, said of that section that it "expressly makes such items proper elements of cost to be taxed by party who has been compelled to incur such liability."

"The expense of printing or typewriting transcripts, affidavits, briefs, or other papers on appeal in civil

causes, shall be allowed as costs and taxed in bills of costs in usual mode." Court Rule 6, sec. 1. Rule 13 requires briefs and points and authorities to be either printed or typewritten. Rule 15 provides for rehearing, and for serving copy of petition which with the reply thereto must be typewritten or printed, "and no other argument shall be heard thereon."

Costs for typewriting reply to petition for rehearing cannot be incorporated in cost bill served and filed before service and filing of such reply, or until after decision on petition.

In Dixon v. S. P. Co., 42 Nev. 73, 91, the court said: "As to costs on rehearing, since both parties petition therefor, and neither obtained any relief therefrom, each party should pay his own costs on rehearing."

Appellants here did not petition, but successfully resisted respondents' petition, and are entitled to their costs upon such rehearing.

Respondents' objection that record is unnecessarily voluminous is not sustained by the record, as no copies of pleadings are contained in the record except as they appear in judgment roll, which must contain pleadings and all bills of exceptions. Rev. Laws, 5273.

There is no duplication of copies of pleadings, except as required by statute. 3 Rev. Laws, p. 3342; Stats. 1915, p. 164, secs. 1, 2, 5, 6, 11.

Objections to cost bill of appellants were filed by respondents, but there is nothing in record to show they were served as contemplated by section 3 of Rule 6.

*Hoyt, Norcross, Thatcher, Woodburn & Henley,* for Respondents:

Judgment was modified on appeal. In the matter of costs, the case comes within the provisions of Rev. Laws, 5381. The matter is in discretion of court. The section provides if no order is made, party obtaining any relief shall have his costs. As no order was made in original decision or order denying petition for rehearing, appellants would be entitled to costs unless some order in respect thereto is subsequently made.

Until remittitur goes down court still has jurisdiction to determine question of costs, both by rule of court and under section referred to.

Irrespective of particular objections set forth in respondents' objections to appellants' cost bill, proper exercise of discretion warrants order that parties to appeal pay their own costs, though plaintiffs recovered finally only small part of total sum sued for. After years of litigation plaintiffs are met with cost bill which absorbs nearly all of judgment allowed in their favor. Case as whole is one in which allowance of costs to appellants would violate principles of justice.

Though discretion should not be exercised to disallow costs to appellants upon general principles, we nevertheless urge such discretion should be exercised in disallowing costs for very large portion of transcript on appeal and of briefs devoted to questions upon which appellants did not prevail upon appeal. It is not just we should be compelled to pay costs in order for appellants to present questions determined not meritorious.

Statute does make bill of exceptions filed prior to judgment part of judgment roll, but we contend where documents appear several times in judgment roll it is unnecessary to copy them more than once, a reference being sufficient. The court should discourage needless repetition, and not impose burden on losing party when opposing party occasions unnecessary expense.

We reiterate our statement in our objections that appellants could have embodied in one hundred pages of transcript and brief all matters upon which they prevailed.

We submit there is nothing in record to show original objections were *not* served in time. There is no law or rule requiring proof of service except in particular cases, like a summons, for example. Attorneys and officers are presumed to perform their duties.

By the Court, SANDERS, J.:

This proceeding is one authorized by subdivision 3 of Supreme Court Rule 6 to review the decision of the

clerk of this court taxing appellants' costs herein at the sum of $782.30.

1. All concede or must concede that the practice of awarding and taxing costs on appeal, the time within which the cost bill must be filed, and the items allowable are all matters of statutory regulation, amplified by the rules of this court. For the clear understanding of our reasons for holding that six of the seven objections to the cost bill are untenable, we shall quote the statute and rules of court deemed relevant.

Section 439 of the civil practice act (Rev. Laws, 5381) provides:

"In the following cases the costs of an appeal to the supreme court shall be in the discretion of the court:

"1. Where a new trial is ordered.

"2. When a judgment is modified. In the event no order is made by the court relative to the costs in the two instances mentioned in this section, the party obtaining any relief shall have his costs."

Subdivision 1 of Rule 6 of the supreme court provides:

"The expense of printing or typewriting transcripts, affidavits, briefs, or other papers on appeal in civil causes,  *  *  *  required by these rules to be printed or typewritten, shall be allowed as costs, and taxed in bills of costs in the usual mode; provided, that no greater amount than 15 cents per folio of 100 words, and for one copy only, shall be taxed as costs for either printing or typewriting; all other costs to be taxed by the clerk in accordance with the fee bill."

Subdivision 2 of Rule 6 refers to the time for the filing of the cost bill with the clerk and its service upon the opposite party.

Subdivision 3 of said rule provides:

"If either party desires to object to the costs claimed by the opposite party, he shall, within ten days after the service upon him of a copy of the cost bill, file with the clerk, and serve his objections. Said objections shall be heard and settled, and the costs taxed by the clerk. An appeal may be taken from the decision of the clerk,

either by written notice of five days, or orally and instanter, to the justices of this court, and the decision of such justices shall be final. If there be no objections to the costs claimed by the party entitled thereto, they shall be taxed as claimed in his cost bill."

Referring to the parties herein as they stood on the original appeal, it will be observed by reference to the opinion and decision (46 Nev. 390, 213 Pac. 107) that the appellants appealed from a judgment for the sum of $10,200, and also from an order denying their motion for a new trial. The judgment was reduced by our decision from $10,200 to $833.33, and the court made no order relative to costs. Respondents filed a petition for a rehearing, in which it was urged that, since the court ruled against the contentions of appellants on most of the questions raised upon the appeal, and the greater portion of the record and the greater portion of appellants' briefs were directed to points upon which they did not prevail, the judgment should be so modified as to deny the appellants their costs upon appeal. The petition for rehearing was summarily denied without comment. Thereafter appellants filed an amended cost bill by adding thereto the item of $12.60 for the expense of typewriting their reply to the petition for rehearing. The respondents interposed objections to the amended bill, and in order to cure certain alleged irregularities with respect to the original bill it was stipulated between counsel that the clerk should proceed to hear and settle the objections to the bill and tax the costs.

The items of cost taxed by the clerk are in words and figures following, to wit:

| | |
|---|---:|
| Clerk's costs | $25.00 |
| Premium paid on undertaking on appeal | 10.00 |
| Transcript of record on appeal, Vol. A, 991 folios at 15 cents | 148.65 |
| Transcript of record on appeal, Vol. B, 1121 folios at 15 cents | 168.15 |
| Transcript of record on appeal, Vol. C, 1161 folios at 15 cents | 174.15 |
| Transcript of record on appeal, Vol. D, 1021 folios at 15 cents | 153.15 |
| Assignment of errors, 46 folios at 15 cents | 6.90 |
| Brief and argument for appellants, 522 folios at 15 cents | 78.30 |
| Reply brief, points, and authorities, 36 folios at 15 cents | 5.40 |
| Reply to petition for rehearing, 84 folios at 15 cents | 12.60 |
| Total costs allowed by clerk | $782.30 |

We shall notice and dispose of the objections to the several items as nearly in the order in which they are stated as convenient.

2. 1. It is objected that the bill should be disregarded and treated as a fugitive paper, for the reason that there is no provision of law for the filing of a cost bill after decision on petition for rehearing. In this counsel are in error. Ramelli v. Sorgi, 40 Nev. 281, 161 Pac. 717.

3. 2. It is objected that the item "premium paid on undertaking on appeal" is not a lawful charge; that the premium paid is excessive. The item is one authorized by statute. Rev. Laws, 699. In the absence of anything to show it to be an unreasonable charge, the item will be allowed to stand. Richards v. Vermilyea, 42 Nev. 294, 175 Pac. 188, 180 Pac. 121.

4. 3. It is claimed that there is no provision of law permitting recovery of costs for "reply to a petition for rehearing." It is considered by the court that a petition for rehearing and reply thereto are in the nature of briefs and a part of the papers on appeal. The item of $12.60 for typewriting the reply to the petition for rehearing is therefore allowed.

5. 4. It is objected that the items of cost for "transcript of record on appeal" are excessive, for the following reasons: (a) That the record contains three surplus copies of the voluminous pleadings in the case. (b) That the record is incumbered by numerous bills of exception, designed to present questions of law, all of which were decided against the contentions of appellants. (c) That the record, in so far as it affects the point or points decided in favor of appellants, does not exceed 100 pages or 300 folios. (d) The item designated "assignment of errors" relates exclusively to alleged errors, none of which was sustained on appeal, excepting one with respect to the value of certain shares of the capital stock of the Limerick Consolidated Mines Company in controversy. (e) That the items designated "brief and argument for appellants" and "reply brief, points, and authorities" are excessive, in that said briefs

are in the main devoted to arguments on questions of law and fact which were not sustained by the decision of the court, with the exception of the point relative to the insufficiency of the evidence to support the value of said stock. (f) The cost bill, as a whole, is unfair, excessive, and unjust.

We have stated the foregoing objections collectively, because all relate to the one point that a prevailing party on appeal is entitled to recover the expense of typewriting only such portions of the transcript and briefs as relate to the point or points decided in his favor. The point is totally without merit, yet, as it seems to be relied on in good faith, we will dispose of it.

6. If there is any merit to the contention that the record, in so far as it affects the point or points decided in favor of appellants, does not exceed 100 pages or 300 folios, it must not be overlooked that the transcript contains 1,100 pages of typewritten matter. Counsel, at least out of regard for the labors of this court, should have compiled from the record some sort of statement of specifications pointing out what portions thereof relate to matters not pertinent and necessary to the determination of the main issue decided. We know of no authority and none is cited in support of the proposition that the prevailing party on appeal is entitled to recover the expense of typewriting only the portions of a transcript which pertain to assignments of error sustained on appeal. Certainly clients should not be penalized because attorneys cannot with oracular certainty forecast a possible ruling upon all the points litigated. Costs are not contingent upon the points won or lost in the appellate court. Furthermore, in this particular case we are of opinion that the assignments of error discussed and ruled upon adversely were necessarily incident to the main issues in the case, to wit, the legal sufficiency of the pleadings, the validity of the judgment, the sufficiency of the evidence in its support, and the right of respondents to recover any sum whatever.

7. Objections of this character are addressed to the court and not to its clerk. It is clear that a request for

an order calling for a modification of the judgment with respect to costs on appeal comes within the meaning and purview of section 5381 of the Revised Laws, supra, and not Rule 6, supra. Counsel for the respondents seem to have considered this to be the proper practice, as they requested in their petition for rehearing that this court make an order modifying the judgment with respect to costs. We are of opinion now, as we were then, that the modification of the judgment without an order carries costs.

8. The objection (a) that the record contains three surplus copies of the pleadings is a proper objection. Counsel for appellants would excuse the repetition of the pleadings because they are incorporated in the bills of exception. One copy of the pleadings is all that is necessary, regardless of the place they occupy in the transcript. In this case the orginal complaint should have been omitted. The amended complaint, answer, and reply formed the issues tried, and no question arose upon the very voluminous original complaint.

The objection to the repetition of the pleadings affords opportunity for the discussion of other matters in the record which might have been advantageously omitted. It is declared in numerous decisions that all matter in the transcript which does not tend in some degree to illustrate the point or points litigated is an incumbrance and positively injurious. The authorities seem to be unanimous in holding that, when unnecessary matter has been brought up to the appellate court or incorporated in briefs, the cost of such matter will be charged to the party responsible. 7 R. C. L. sec. 31, p. 803. Or, as expresed by other authorities, if the appellant has made up an unnecessary voluminous transcript, the supreme court will allow him cost of only such part thereof as constitutes a proper record for the appeal. Hayne, New Trial and Appeal (Rev. Ed.), sec. 298, p. 1710. Prior to the statute of 1915, page 164, the rule as to surplusage matter in records on appeal was amplified by statute. Rev. Laws, 5333, provided:

"If a party shall include in the statement any more of the testimony and proceedings than is pertinent and

necessary to fairly present the exceptions taken, he shall not be allowed costs for the typewriting or printing of such surplusage."

The statute of 1915 repeals section 5333 of the Revised Laws. It does away with statements on appeal and substitutes therefor bills of exception, but it makes no provision for the disallowance of the expense of printing or typewriting surplusage matter contained in the bills of exception. The basic idea of a bill of exception is that it shall not include any more of the testimony and proceedings in any case than is pertinent and necessary to fairly present the exception taken. The bills of exception in this case are nothing more than the indiscriminate transcription of the entire proceedings in the court below without any regard whatever for abbreviation or condensation. We appreciated this when the case was originally before us. Though we were greatly assisted by the assignments of error and the elaborate briefs in studying the record, nevertheless the utterly useless matter was present, and we were compelled to labor with a vast number of pages that had no bearing whatever upon the point or points to be decided. No inconsiderable portion of the transcript is taken up with the repetition of the title of the court and cause, indorsements upon each paper filed, verifications in full, verbatim copies of lengthy exhibits, arguments occurring upon the trial, the minutes in full of directors' meetings, articles of incorporation, a transcript of a collateral suit, and documents which might have been abstracted or condensed.

By observing these suggestions in making up bills of exception, attorneys will greatly diminish the expense of transcripts, and thereby also facilitate the examination of the record on the part of the court. Such, we think, was the leading purpose of the enactment of the law of 1915. We are not called upon to point out to trial courts their duties in the premises when an unnecessarily voluminous bill of exception is presented for approval and settlement. They have their own rules, and this court has no supervisory power over them in the trial and conduct of cases.

It is adjudged and ordered that the clerk of this court calculate the costs of typewriting the surplus pleadings in the record, and deduct the amount from the total costs taxed, and as reduced the cost bill stands affirmed.