VIVIAN H. DEARDEN, Appellant, v. ALBERT D. GALLI, Respondent.

No. 3772

June 2, 1955.                                284 P.2d 384.

See also 70 Nev. 410, 269 P.2d 1014; 70 Nev. 543, 277 P.2d 381.

*Robert R. Gill,* of Ely; *Pike & McLaughlin,* of Reno; *Stewart, Cannon & Hanson,* and *Ernest F. Baldwin,* of Salt Lake City, Utah, for Appellant.

*Gray & Horton,* of Ely, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from a ruling of the clerk of this court upon costs, pursuant to Rule VI of the rules of this court. The sole question is as to the right of the prevailing party upon an appeal to recover as costs of the appeal the amount paid to a surety company as premium for supersedeas and appeal bond. The appellant having prevailed herein upon his appeal from judgment of the trial court (70 Nev. 543, 277 P.2d 381) a cost bill was filed by him which included the item of $1,259.06 bond premium. Objection to this item was made by the respondent and the objection sustained by the clerk's ruling.

It has long been the rule in Nevada that costs, not being recoverable at common law, can be recovered only pursuant to the express authority of statute or rule of court. McKenzie v. Coslett, 28 Nev. 220, 80 P. 1070; State v. Baker, 35 Nev. 300, 129 P. 452; Dixon v. District Court, 44 Nev. 98, 190 P. 352.

No statute or rule of court authorizes bond premiums to be taxed as costs. Sec. 7631, N.C.L.1929, formerly

allowed the taxing of a reasonable amount for the expense of procuring a corporate surety. This section, however, has been repealed. 1941 Stats. of Nev., ch. 189, p. 528, sec. 165. While the statute was in effect this court twice considered the question whether bond premiums were allowable as costs. Richards v. Vermilyea, 42 Nev. 294, 300, 175 P. 188, 180 P. 121; Page v. Walser, 47 Nev. 386, 223 P. 1079. In each case, in holding such items recoverable, this court expressly relied upon the cited statute. The propriety of allowing such items as costs has, then, specifically been brought within the application of the general rule. See also Anno. 81 A.L.R., p. 1532. In view of the fact that the significance of the statute in this respect has twice been pointed out by this court, we may not, as suggested by the appellant, attribute its repeal to legislative inadvertence.

The ruling of the clerk is affirmed.