CITY OF LAS VEGAS, NEVADA, A MUNICIPAL CORPORATION, APPELLANT, v. SOUTHWEST GAS CORPORATION, A CALIFORNIA CORPORATION, RESPONDENT.

No. 7044

April 30, 1974                    521 P.2d 1229

*Earl P. Gripentrog,* City Attorney, and *Kermitt L. Waters,* Deputy City Attorney, of Las Vegas, for Appellant.

*Darrell L. Clark* and *Charles H. McCrea,* of Las Vegas, for Respondent.

**OPINION**

*Per Curiam:*

In March of 1971, the respondent, Southwest Gas Corporation, applied to the Nevada Public Service Commission for an increase in natural gas rates. That application was opposed in part by appellant, City of Las Vegas, Nevada, and other consumers. Appellant employed counsel, hired expert witnesses and apparently incurred substantial expense in opposing the application.

On December 6, 1971, the Commission denied respondent's application for increased rates. Subsequently appellant filed a complaint in district court against respondent seeking to recover expenses incurred in opposing respondent's application including attorney's fees and expert witness fees. Upon respondent's motion, the district court dismissed the complaint with prejudice for failure to state a claim upon which relief could be granted.

We are called upon to decide whether a successful intervenor in an administrative proceeding involving a request to increase utility rates is entitled to an award of attorney's fees and costs.

Absent statutory authority authorizing the recovery of costs and attorney's fees, those expenses are not recoverable. Dearden v. Galli, 71 Nev. 199, 284 P.2d 384 (1955); Dixon v. District Court, 44 Nev. 98, 190 P. 352 (1920). Appellant has cited no authority from this or any other jurisdiction, nor has independent research revealed any authorizing such an award.

The fixing of rates is a legislative act. Pacific Telephone & Tel. Co. v. Public Utilities Com'n., 401 P.2d 353, 360 (Cal. 1965); Mandel Bros. v. Chicago Tunnel Terminal Co., 117 N.E.2d 774, 776 (Ill. 1954); Michigan Bell Tel. Co. v. Michigan Pub. Serv. Com'n., 24 N.W.2d 200, 205 (Mich. 1946). A rate hearing conducted by the Commission pursuant to NRS 704.110 is legislative in nature.

Article 3, Section 1 of the Nevada Constitution[1] precludes a court, without specific constitutional or legislative authority, from awarding costs or attorney fees to any party appearing at a legislative hearing.

The appellant's reliance upon cases which espouse the "common fund"[2] and "quasi-common fund" doctrine is entirely misplaced. In each case where an award of attorney fees has been made the proceedings were entirely judicial in nature.

Furthermore appellant has cited no case in which the "common fund" doctrine has been applied, and an attorney's fee awarded in the absence of a fund. Hempstead v. Meadville Theological School, 134 A. 103 (Pa. 1926). Here there is no fund before the district court.

The "quasi-common fund" doctrine has been founded in federal civil rights cases involving bad faith, overreaching, or "exceptional circumstances" and "dominating reasons." Brewer v. School Board of City of Norfolk, Virginia, 456 F.2d 943 (4th Cir. 1972); Sims v. Amos, 340 F.Supp. 691 (M.D.Ala. 1972); Newman v. Piggie Park Enterprises, 390 U.S. 400 (1968). None of those extenuating circumstances exist in this record.

The order of the district court dismissing appellant's complaint with prejudice is affirmed.

---

[1]Art. 3, Sec. 1, Nevada Constitution: "The powers of the Government of the State of Nevada shall be divided into three separate departments, — the Legislative, — the Executive and the Judicial; and no persons charged with the exercise of powers properly belonging to one of these departments shall exercise any functions, appertaining to either of the others, except in the cases herein expressly directed or permitted."

[2]Sprague v. Ticonic Bank, 307 U.S. 161 (1939); 49 ALR 1149.