SUN REALTY, a Nevada corporation, Petitioner, *v.*
THE EIGHTH JUDICIAL DISTRICT COURT OF
THE STATE OF NEVADA, in and for the County
of Clark, Respondent.

No. 8413

December 5, 1975                    542 P.2d 1072

*Stanley W. Pierce, Mario L. Ventura* and *Don L. Griffith,* of Las Vegas, for Petitioner.

*Woofter & Bilbray* and *Bell, Leavitt & Green,* of Las Vegas, for Respondent.

## OPINION

By the Court, THOMPSON, J.:

By an original proceeding in certiorari we are asked to review an order of the district court entered sua sponte declaring a mistrial and requiring plaintiff to pay defendants' costs, expenses and attorneys' fees incurred as a precondition to recommencing trial at a later date.

The action had been commenced in 1969 by Sun Realty against several defendants to recover a broker's commission for the sale of the Landmark Hotel in Las Vegas. Shortly before the five-year dismissal period specified by NRCP 41(e) was to run, the parties stipulated in writing for an extension of time within which to bring the action to trial. Trial before a jury finally did commence. The plaintiff called one of the defendants as an adverse witness and questioned him for about 2½ trial days. Since only three days had been set aside for the trial, and since the plaintiff had not as yet presented any of its own witnesses, the court expressed its displeasure with the progress of the case, declared a mistrial, dismissed the jury, and ordered the plaintiffs to reimburse the defendants for their costs, expenses and attorneys' fees incurred as a precondition to recommencing trial at a later date. The order declaring a mistrial is not challenged. Sun Realty, however, does contend that the district court acted in excess of its power when it required plaintiff to pay the defendants' costs, expenses and attorneys' fees as a precondition to later recommencement of trial.[1]

It is the contention of petitioner, Sun Realty, that neither statute nor rule authorized the order entered below, and that absent such authorization the order is void.[2] That contention

---

[1] The costs, expenses and fees totaled $3,671.98. Of that sum, $3,000 was for attoneys' fees, $408 for travel expenses of two defendants from Missouri to Nevada, $54.98 for telephone charges, $84 for miscellaneous expenses, and $125 for court reporter's fees.

[2] Since the action had not proceeded to judgment none of the defendants was a prevailing party within the contemplation of NRS 18.010 et seq., authorizing the allowance of certain costs and disbursements and, in specified circumstances, attorneys' fees. And, of course, NRCP 37 regarding sanctions when a party fails to obey an order for discovery is inapposite to the circumstances of this case.

was presented to the court below. That court acknowledged the absence of statutory or rule authority, but believed that it possessed an "inherent power" to enter such an order. We do not agree.

The concept of inherent court power comes from our constitution which provides for three separate departments of government—the legislative, the executive, and the judicial [Nev. Const. art 3, § 1] and contemplates that the judiciary, as a coequal branch of government, possesses the inherent power to protect itself and administer its affairs. Commonwealth ex rel. Carroll v. Tate, 274 A.2d 193 (Pa. 1971); Judges for Third Judicial Cir. v. County of Wayne, 172 N.W. 2d 436 (Mich. 1969). Consequently, a court may, in the exercise of its inherent power, require funds for office equipment, secretarial aid, law library, Young v. Board of County Comm'rs, 91 Nev. 52, 530 P.2d 1203 (1975), court furnishings, State ex rel. Kitzmeyer v. Davis, 26 Nev. 373, 68 P. 689 (1902), and related items.

Essentially, the inherent power of the court is nonadjudicating in nature and relates to the administration of the judicial system rather than to the handling of controversies between the litigants before it.

It is the established law of this state that costs, not being recoverable at common law, may be allowed only pursuant to the express authority of statute or rule. Dearden v. Galli, 71 Nev. 199, 284 P.2d 384 (1955). It is equally well established that attorney fees are governed by agreement, express or implied, and are not recoverable otherwise except when authorized by statute or rule. Dixon v. District Court, 44 Nev. 98, 190 P. 352 (1920); City of Las Vegas v. Southwest Gas, 90 Nev. 178, 521 P.2d 1229 (1974).

Since neither statute nor rule authorizes the order entered below, and since the district court misconceived the essential meaning and scope of the "inherent power of the court," we annul that part of the order directing the plaintiff to pay the defendants' costs, expenses and attorneys' fees.

GUNDERSON, C. J., and BATJER, ZENOFF, and MOWBRAY, JJ., concur.