PETER L. FLANGAS, Appellant, v. THE STATE
OF NEVADA, Respondent.

No. 12559

December 30, 1981                    637 P.2d 1212

*Peter L. Flangas,* Las Vegas, Pro se.

*Robert J. Miller,* District Attorney, and *James Tufteland,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Appellant is an attorney who represented a defendant in a criminal prosecution. Before trial, the defense unsuccessfully attempted to serve a witness with a subpoena. At trial the defense sought to introduce the prior testimony of the witness. Instead of allowing introduction of the prior testimony, the court requested the state to find the witness. The witness was subsequently located and testified at trial.

The trial of appellant's client resulted in a mistrial.[1] The prosecution subsequently requested the court to award the state $86.58 against appellant as costs in locating the witness. The motion was granted and this appeal followed.

---

[1] The reasons for the mistrial are not relevant to the issues presented for review in this appeal.

It is well settled in this jurisdiction that a court may only tax costs against a party in situations which have been specifically authorized by the legislature. In Sun Realty v. District Court, 91 Nev. 774, 776, 542 P.2d 1072, 1074 (1975), we held: "It is the established law of this state that costs, not being recoverable at common law, may be allowed only pursuant to the express authority of statute or rule. Dearden v. Galli, 71 Nev. 199, 284 P.2d 384 (1955)." *See also,* Dixon v. District Court, 44 Nev. 98, 101, 190 P. 352, 353 (1920); McKenzie v. Coslett, 28 Nev. 220, 80 P. 1070 (1905).

NRS 18.005 *et seq.,* establish the statutory scheme by which a party can recoup its expenses.[2] NRS 18.020 lists several types of cases in which costs must be allowed. A criminal prosecution is not one of the types of cases specified under the statute.

NRS 18.050 sets forth additional rules by which a litigant may recover some or all of his expenses. A careful examination of that section as a whole, however, leads to the conclusion that it refers only to recovery against parties, not their attorneys. In State v. Baker and Josephs, 35 Nev. 300, 311, 129 P. 452, 455 (1912), we observed that statutes pertaining to costs must be strictly construed. Because NRS 18.050 does not explicitly authorize a district court to assess costs against an attorney representing a criminal defendant, we hold that the section does not apply in this case.

Respondent has failed to establish any statutory basis permitting the district court to impose costs personally against appellant Flangas. Accordingly, the order directing appellant to pay $86.58 is reversed.

GUNDERSON, C. J., and SPRINGER, J., and ZENOFF, Sr. J.,[3] concur.

---

[2]The 1981 Nevada Legislature amended NRS 18.020 and 18.050 after issuance of the order here in question. However, none of the changes appear to affect the decision of this case.

[3]THE HONORABLE DAVID ZENOFF, Senior Justice, was assigned to participate in this case by the Chief Justice pursuant to Nev. Const., art. 6, § 19(c). Justices NOEL MANOUKIAN and JOHN MOWBRAY voluntarily disqualified themselves from the consideration of this appeal.