STEVE ANGELL, JANET WESTERFIELD, Individually and as Heir of LEROY WESTERFIELD, AUDREY JOHNSON, STATE INDUSTRIAL INSRUANCE SYSTEM, SOUTHWEST GAS CORPORATION, THE HOME INSURANCE COMPANY, AETNA CASUALTY & SURETY COMPANY, SUN INSURANCE COMPANY OF NEW YORK AND UNITED TECHNOLOGIES CORPORATION, Petitioners, v. THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, In and for the County of Clark, THE HONORABLE DONALD M. MOSLEY, DISTRICT JUDGE, AND THE HONORABLE JACK LEHMAN, CHIEF DISTRICT JUDGE, Respondents, CLARK COUNTY, NEVADA, Real Party in Interest.

No. 23015

PACIFIC ENGINEERING & PRODUCTION COMPANY OF NEVADA, AMERICAN PACIFIC CORPORATION, WESTERN ELECTRICAL COMPANY, PEPCON SYSTEMS, INC., PEPCON PRODUCTION, INC., FRED D. GIBSON, JR., C. KEITH ROOKER, THOMAS A. TURNER AND NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PENNSYLVANIA, Petitioners, v. THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, In and for the County of Clark, THE HONORABLE DONALD M. MOSLEY, DISTRICT JUDGE, AND THE HONORABLE JACK LEHMAN, DISTRICT JUDGE, Respondents, THE COUNTY OF CLARK, NEVADA, Real Party in Interest.

No. 23016

THIOKOL CORPORATION AND NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PENNSYLVANIA, Petitioners, v. THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, In and for the County of Clark, THE HONORABLE CHIEF JUDGE JACK LEHMAN, AND THE HONORABLE DONALD M. MOSLEY, DISTRICT JUDGE, Respondents, CLARK COUNTY, Real Party in Interest.

No. 23019

October 23, 1992                    839 P.2d 1329

*Cherry & Bailus,* Las Vegas, for Angell, Westerfield & Johnson.

*Riley M. Beckett,* Carson City, for State Industrial Insurance System.

*Beckley, Singleton, DeLanoy, Jemison & List,* and *Daniel F. Polsenberg,* Las Vegas, for Southwest Gas Corporation.

*Cobb, Gugino & Williamson,* Las Vegas, for Home Insurance Company, Aetna Casualty & Surety and Sun Insurance Company of New York.

*Thomas D. Beatty,* Las Vegas, for United Technologies Corporation.

*Galatz, Earl, Catalano & Smith,* Las Vegas, for Subrogated Carriers and Armstrong.

*Rawlings, Olson & Cannon,* and *Mary P. Groesbeck,* Las Vegas, for Clark County, Nevada, Real Party in Interest.

*Barker, Gillock, Koning, Brown & Earley,* Las Vegas, for Pacific Engineering & Production Company of Nevada; American Pacific Corporation; Western Electrical Company; Pepcon Systems, Inc.; Pepcon Production, Inc.; Fred D. Gibson, Jr.; C. Keith Rooker; and Thomas A. Turner.

*Pico & Mitchell,* Las Vegas, for Thiokol Corporation and National Union Fire Insurance Company of Pittsburgh, Pennsylvania.

# OPINION

*Per Curiam:*[1]

Pending before this court are consolidated petitions for a writ of prohibition (docket number 23019) and for writs of prohibition and mandamus (docket numbers 23015 and 23016). These petitions concern the litigation resulting from the May 4, 1988 fire and explosion at the Pacific Engineering and Production Company plant in Henderson, Nevada ("Pepcon Litigation").

Eighth Judicial District Court Judge Donald M. Mosley entered orders requiring Clark County to negotiate a contract for a facility to accommodate the Pepcon Litigation, and requiring the litigants to reimburse the County for any and all costs related to the construction, remodeling, and leasing of a trial facility. In addition, Chief Judge Jack Lehman orally ruled that the Honorable James A. Brennan, retired judge, acting as a judge pro tem, would be assigned to preside over Judge Mosley's calendar, and that the Pepcon litigants would be required to reimburse this court for the costs of Judge Brennan's salary.[2]

---

[1] On June 23, 1992, this court entered an order in the above-entitled matter granting petition for a writ of prohibition and denying petition for a writ of mandamus. Pursuant to a motion filed by petitioners Steve Angell, Janet Westerfield, Audrey Johnson, Southwest Gas Corporation, United Technologies Corporation and Thiokol Corporation, we have determined that our decision should be issued in a published opinion. Accordingly, we hereby issue this opinion in place of our order entered June 23, 1992.

[2] At a point antedating the orders at issue in the instant petition, this court had been informed by the district court that at least certain of the parties involved in the Pepcon litigation desired to voluntarily assume the burden of paying for the costs of an adequate court facility and court personnel, including a judge pro tem, in order to facilitate an expeditious trial of the issues. Having been so informed, we expressed our willingness to approve such an arrangement. At no time did we suggest or infer that we would

Because no statute or court rule provides for an appeal from the contested orders entered by the district court, the instant petitions are the appropriate vehicle for challenging such orders. *See* NRAP 3(a); NRS 34.330.

Although a court may, under circumstances necessitating the protection of its capacity to perform its constitutional functions, require funds from a county for office equipment, secretarial aid, furnishings, and related items, Sun Realty v. District Court, 91 Nev. 774, 776, 542 P.2d 1072, 1073 (1975), such inherent powers must be exercised with discernment and circumspection. Moreover, directly apropos to the instant matter is a prior ruling of this court stating that ''[i]t is well settled in this jurisdiction that a court may only tax costs against a party in situations which have been specifically authorized by the legislature.'' Flangas v. State, 97 Nev. 626, 627, 637 P.2d 1212, 1213 (1981); *see also Sun Realty,* 91 Nev. at 776, 542 P.2d at 1074; Dearden v. Galli, 71 Nev. 199, 200, 284 P.2d 384, 385 (1955).

No rule or statute allows the district court to order parties to specific litigation to pay a county the costs of providing court facilities and the salaries of court personnel. Moreover, such an order could not be sustained under the inherent powers doctrine, as there is no showing that absent the order, the district court could not perform its constitutional functions as part of the judicial branch of government. Furthermore, without concluding that such an order could never be constitutionally validated, we note that it would generally be viewed as inimical to our system of justice to make the accessibility of courts to any of our citizens dependent upon the capacity of the immediate litigants to underwrite the costs of providing court facilities and personnel. Accordingly, relief in the form of prohibition is warranted.

Two of the petitioners also request that this court issue a writ of mandamus directing the district court to require Clark County to provide a sufficient courtroom and court personnel for the Pepcon Litigation. NRS 3.100 provides as follows:

1. If a room for holding court be not provided by the county, together with attendants, fuel, lights and stationery,

---

permit the parties to be coerced into paying for such costs. Moreover, we would most emphatically disapprove of an involuntary arrangement where the Pepcon litigants would be ordered to pay the salary of a judge pro tem who would be sitting on entirely different matters in order to enable a district judge to devote his or her time to the Pepcon litigation.

suitable and sufficient for the transaction of business, the court may direct the sheriff to provide such room, attendants, fuel, lights and stationery, and the expenses thereof shall be a county charge.

2. Offices shall be provided and furnished by and at the expense of the several counties for the several district judges. Whenever the county commissioners of any county shall neglect or refuse to provide and furnish an office for the use of the district judge, it shall be lawful for such district judge to make an order, which order shall be entered upon the minutes of the court, requiring the sheriff to provide and furnish such office. The necessary expenses incurred therein shall become a legal and valid claim against the county.

Clark County concedes the Judge Mosley's courtroom is not suitable for purposes of conducting the Pepcon Litigation. However, the parties have failed to demonstrate, and the record does not indicate, that existing County facilities are inadequate or could not, with comparatively minor expense and effort, be made adequate.[3] We therefore conclude that Clark County should, with reasonable haste, determine what facilities may exist within the county that may be appropriately utilized to accommodate the trial of the Pepcon Litigation. Although we agree that Clark County is generally responsible for providing a suitable and sufficient trial facility and necessary court personnel, the County may not be burdened with the cost of providing what certain of the parties may desire in the form of unduly comfortable and convenient trial facilities. Moreover, the County may wish to seek an accommodation for the Pepcon Litigation within existing judicial facilities by suggesting alternative trial methods that have been used elsewhere to accommodate mass tort litigation. Of course, any such suggestions would have to receive the approval of the district court judge who will preside over the litigation. We express no opinion as to whether, and to what extent, such alternative trial methods may be adaptable to the Pepcon Litigation.[4] In any event, for the reasons stated, we deny all petitions

[3]We deem it unnecessary at this point to interpret the intent and scope of NRS 3.100. It does appear obvious, however, that the statute in question, enacted early within the latter half of the 19th century, was designed as a foundation for implementing the court system in Nevada. It is not essential to our ruling that we determine the extent to which the statute should be viewed as a basis for requiring counties to provide new or expanded judicial facilities in lieu of those that already exist, especially in order to accommodate inordinate requirements of comparatively rare and specific litigation.

[4]Whether the district court determines, with the parties, to proceed with special facilities furnished by the County, or to make special trial adaptations within existing judicial facilities, we would strongly expect that the district court will take whatever measures are necessary to avoid a postponement of the presently scheduled trial date.

928

seeking relief in the form of a writ of mandamus. *See* State ex rel. Dep't of Transp. v. Thompson, 99 Nev. 358, 361, 662 P.2d 1338, 1340 (1983) (issuance of a writ of mandamus is at this court's discretion).

In accordance with the foregoing, the clerk of this court shall forthwith issue a writ of prohibition which prohibits the district court from requiring the Pepcon litigants to pay for the construction, reconstruction, remodeling, improving, or leasing of a trial facility, and the salaries of court personnel.