[No. 1583.]

STATE OF NEVADA, EX REL. E. COHN, RELATOR, *v.*
C. E. MACK, DISTRICT JUDGE, ETC., RESPONDENT.

MANDAMUS—NECESSITY OF COURT RECORD. Where the record on appeal
does not show that the transcribed testimony was read or referred to
on the hearing of a motion for a new trial, *mandamus* will not be
granted, on conflicting testimony, to compel the trial court to certify
that it was so read or referred to, under Comp. Laws, 3292, requiring
the court to certify to the papers presented on the hearing of such
motions.

ORIGINAL PROCEEDING. *Mandamus* by the State, on the
relation of E. Cohn, against C. E. Mack, District Judge of
the First Judicial District in and for the County of Douglas.
**Writ denied.**

*Trenmor Coffin, D. W. Virgin,* and *Samuel Platt,* for
Relator.

*W. D. Jones* and *Alfred Chartz,* for Respondent.

By the Court, MASSEY, C. J.:

The relator brings this action to compel the respondent,
the district judge, to certify, under the provisions of Section
197 of the civil practice act (Comp. Laws, 3292), that the
testimony taken and written out by the reporter in the case

of Yori against Cohn was read or referred to on the hearing of the motion for a new trial in the last-named action.

The determination of the relator's right to the peremptory writ rests upon one issue, as we view it, made by that part of the respondent's answer, in which he denies that the paper sought to be certified was read or referred to on the argument of the motion for a new trial.

The minutes containing the record of the proceedings of the court do not show that this testimony, as taken and written out by the shorthand reporter, was used on the hearing of said motion.

It may well be doubted whether secondary evidence of the regular and authorized proceedings of the district court may be offered except upon the showing of the loss or destruction of the record.

It is a general rule, not requiring citation of authorities, that the action of the court in matters authorized or directed must be proven by its records. In the absence of such proof, and without a showing as to the loss or destruction of the record containing the evidence of the fact sought to be established, we are asked to grant the peremptory writ to compel the respondent to act, upon conflicting testimony of witnesses based upon their memories of a transaction in court which should and could have been shown by the records of the court made at the proper time.

This court has held that the writ should be awarded only in a case when the party applying shows a clear right to have the respondent do the thing which he is sought to be compelled to do. (*State* v. *LaGrave*, 22 Nev. 417.)

Such showing not having been made, the peremptory writ will be denied.