THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF WASHOE, STATE OF NEVADA, AND R. A. PETERSON, ERNEST KLEPPE AND RAYMOND CAPURRO, MEMBERS OF SAID BOARD, APPELLANTS, *v.* CLIFFORD DEVINE, RESPONDENT.

No. 3905

February 24, 1956.                    294 P.2d 366.

*Harvey Dickerson,* Attorney General, Carson City, and *A. D. Jensen,* District Attorney of Reno, for Appellants.

*John E. Gabrielli* and *John S. Belford,* of Reno, for Respondent.

## OPINION

By the Court, BADT, J.:

This appeal raises the question of the authority of the presiding judge of department 3 of the district court of the second judicial district to appoint a bailiff for his department under the reasons assigned by him for the asserted failure of regular statutory processes and established methods.

The lower court ordered a writ of mandate to issue compelling the board of county commissioners to recognize the validity of the appointment of respondent, by Hon. Gordon W. Rice, judge of department 3 of said district court, as bailiff for his department. The board has appealed from that order and judgment.

(1) That provision for a bailiff is made by statute can hardly be questioned.

"In all judicial districts where there is more than one judge, there shall be but one bailiff to attend all divisions of the court, said bailiff to be appointed by the joint action of the judges; provided, if the judges cannot agree upon the appointment of the same within thirty days after a vacancy occurs in the office of bailiff, then the appointment shall be made by a majority of the board of county commissioners." Sec. 8462, N.C.L.1929, as amended, Stats. 1953, 443.

"Compensation of bailiffs in judicial districts wherein there is more than one judge shall be not more than $400 per month. Compensation of bailiffs in judicial districts wherein there is only one judge shall be not more than $350 per month. The salaries of bailiffs shall be paid by the county wherein he is appointed, the same as the salaries of other county officers are paid." Sec. 8465, N.C.L.1929, as amended, Stats. 1954–1955, 190.

"The provisions of this act shall not be construed * * * as relieving the sheriff of any duty required of him by law to maintain order in the said court-room." Sec. 8466, N.C.L.1929.

"It shall be the duty of the sheriff to attend in person, or by deputy, at all sessions of the district court in his county, and to obey all the lawful orders and directions of the same; to execute the process, writs, or warrants of courts of justice, judicial officers and coroners, when delivered to him for that purpose." Sec. 2149, N.C.L. 1929.[1] Under these provisions it is the practice in judicial districts having more than one judge, for the sheriff to furnish deputies who serve as bailiffs as they may be needed, in addition to the one bailiff provided by the statute.

---

[1] It is of interest, and of some importance, to note that the last quoted statute is section 6 of "An Act relating to sheriffs," Stats. 1861, 103, and in effect (subject to certain amendments) since that year, and that the other three sections quoted are sections of "An Act to provide for the appointment of bailiffs for the district courts * * *," Stats. 1909, 36, and in effect (subject to certain amendments) since that year.

(2) That the court or the judge has inherent power to secure an attendant for his court, at public expense, if the regular, orderly, statutory methods fail, or if the officials charged by the legislature arbitrarily or capriciously fail or neglect to provide the necessary attendant, whereby the efficient administration of justice is destroyed or seriously impaired, or in the case of an emergency, is not questioned by appellants. Merrill v. Phelps, 52 Ariz. 526, 84 P.2d 74; State ex rel. Hillis v. Sullivan, 48 Mont. 320, 137 P. 392; Leahey v. Farrell, 362 Pa. 52, 66 A.2d 577.

(3) Respondent, however, in exactly twelve lines of his brief seeks to show the existence of those conditions justifying the exercise of such inherent power. For this he refers to Judge Rice's affidavit attached to the original petition for the writ of mandate. The pertinent statements are: "That on one occasion during the time affiant has presided as judge there have been three jury trials, one in each of the departments * * * and all proceeding at the same time, and with only one official bailiff in attendance; that on that occasion your affiant had three different deputy sheriffs acting as bailiff in his court, none of whom had any apparent prior experience as bailiff. That on sundry other occasions your affiant has been required to preside without the services of a bailiff."

These conditions do not even remotely indicate the destruction or serious impairment of the administration of justice in department 3 of the second judicial district court. The duty of each bailiff as defined by sec. 8463, N.C.L.1929, is simply "to preserve order in the court, or the division to which he may be appointed; to attend upon the jury; to open and close court, and to perform such other duties as may be required of him by the judge of the court." It is quite reasonably suggested by appellant that sheriffs and deputy sheriffs, as trained and

experienced police officers, are put to far more exacting and rigorous tests as such than when acting as bailiffs and could be instructed by the judge as to their duties as bailiffs with a minimum of time and effort.

(4) Respondent contends that the statutory provision for but one bailiff for three departments of court is an unconstitutional encroachment by the legislature upon the judiciary, first, because it prevents the district judges from exercising their inherent power to appoint their own necessary court attendants, and, secondly, because it is so completely inadequate as in effect to be no provision at all. We do not find either of these arguments convincing. The procedure illustrated by the quoted statutes, not unreasonably limiting or hampering the court in the performance of its duties, remains essentially a function of the legislature. Merrill v. Phelps, 52 Ariz. 526, 84 P.2d 74. We find nothing in State v. Davis, 26 Nev. 373, 68 P. 689; State ex rel. Watson v. Merialdo, 70 Nev. 322, 268 P.2d 922, or Nicholl v. Koster, 157 Cal. 416, 108 P. 302, upon which respondent relies, under their facts and when properly read, contrary to this view. The mere fact that on occasions the legislative provisions may require judicial supplementing does not compel the conclusion that the statutory provisions are inadequate or unworkable under normal conditions.

(5) Respondent contends also that in any event Judge Rice's order appointing a bailiff, and the writ itself if made permanent, simply supplement the statutory procedure by supplying a bailiff at times or under circumstances when and where the statutory processes have failed. The record does not justify such conclusion. The attempted appointment does not supplement, but opposes and nullifies the legislative provisions. The appointment of respondent was a permanent one, not merely temporary, and not calculated simply to meet special emergency conditions.

Reversed with costs, and remanded with directions to vacate the order and writ of mandate.

MERRILL, C. J., and EATHER, J., concur.