Pickering, C.J.,
concurring in part and dissenting in part:
I respectfully disagree with the majority’s decision to the extent that it invalidates the Sparks City Charter provisions that apply to court employees besides the court administrator and judicial assistants. In my view, the holding with respect to civil service and union employees is inconsistent with the express terms of the Nevada Constitution, Article 15, Section 11, and the Sparks City Charter, which the Legislature and the City of Sparks adopted according to the political process specified in the Nevada Constitution, Article 8, Section 8. That process, and these charter provisions, induced reliance interests on the part of those involved that *373 I would not disturb, particularly not on the inadequate record thus far presented in this case.
The Sparks City Charter vests the power to hire, fire, and discipline the court administrator and judicial assistants in the Municipal Court’s Administrative Judge, not the City Council. See Sparks City Charter art. IV, §§ 4.023 and 4.025. But it makes no similar provision for other employees providing service to the Sparks Municipal Court. Id. Sections 4.023 and 4.025 recognize, legislatively, that employees who occupy the positions of court administrator or judicial assistant “perform! ] vital and essential court functions,” and so answer to the Municipal Court directly, not the City. State ex rel. Harvey v. Second Judicial Dist. Court, 117 Nev. 754, 770, 32 P.3d 1263, 1273 (2001) (court clerk); AFSCME v. Wayne Cnty., 811 N.W.2d 4, 20-21 (Mich. Ct. App. 2011) (court clerk); Barland v. Eau Claire Cnty., 575 N.W.2d 691, 702-03 (Wis. 1998) (judicial assistant). Notably, the Sparks City Charter does not extend this status to other personnel who provide services to the Municipal Court. Rather, such other personnel are governed by the Sparks Civil Service Commission and the regulations promulgated pursuant to the Charter. See Sparks City Charter art. IX, § 9.020(1) and (2).
The inherent-powers doctrine allows the judicial branch “to administrate its own procedures and to manage its own affairs . . . when reasonable and necessary for the administration of justice.” Halverson v. Hardcastle, 123 Nev. 245, 261, 163 P.3d 428, 440 (2007) (internal quotation omitted).[1] But “such inherent powers must be exercised with discernment and circumspection.” Angell v. Eighth Judicial Dist. Court, 108 Nev. 923, 926, 839 P.2d 1329, 1331 (1992). Proper respect for coordinate branches of government limits resort to inherent judicial powers to situations in which the judicial branch has exhausted other executive and legislative avenues available and the need is such that the “efficient administration of justice [will be] destroyed or seriously impaired” if left unfulfilled. Bd. of Cnty. Comm’rs v. Devine, 72 Nev. 57, 60, 294 P.2d 366, 367 (1956). Put another way, “inherent [judicial] power should be exercised only when established methods fail or in an emergency situation^ and] ceases when the court’s ability to carry out its constitutional duty to ensure the administration of justice no longer is in jeopardy.” Halverson, 123 Nev. at 263, 163 P.3d at 441 (footnotes omitted). Also, “because inherent power arises from the constitution’s operation, constitutional clauses may *374 remove or modify that power” from the purview of the judiciary. Id.
I respectfully submit that, under the Nevada Constitution, the Sparks City Charter provisions control. Exercising its constitutional prerogative, the Legislature approved the Sparks City Charter. Nevada Const. art. 8, § 8. Another section of the Nevada Constitution specifies that, when a municipality (Sparks) has a “legally adopted charter” (the Sparks City Charter), the charter controls the city’s employment relationships, certainly as to tenure and dismissal: “In the case of any officer or employee of any municipality governed under a legally adopted charter, the provisions of such charter with reference to the tenure of office or the dismissal from office of any such officer or employee shall control.” Nev. Const. art. 15, § 11. Since the Sparks City Charter divides authority over Municipal Court employees between the Municipal Court (court administrator and judicial assistants) and the Civil Service Commission (all others), constitutionally, those provisions “shall control.” Id. (emphasis added). Thus, under Halverson, it appears that the inherent-judicial-power doctrine should not apply because another, more specific constitutional provision displaces it.
The majority argues that Article 15, Section 11 uses “officer” and “employee” to mean the same thing, such that the provision only applies to elected or appointed officials, not employees generally. But this gives the word “employee” a singular meaning unique to Article 15, Section 11. Elsewhere, the Nevada Constitution distinguishes between “officers” and “employees.” Compare, e.g., Nev. Const. art. 15, § 10 (“All officers whose election or appointment is not otherwise provided for, shall be chosen or appointed as may be prescribed by law.”) with Nev. Const. art. 15, § 15 (“The legislature shall provide by law for a state merit system governing the employment of employees in the executive branch of state government”). Basic rules of statutory and constitutional interpretation teach that “[a] word or phrase is presumed to bear the same meaning throughout a text,” and that
[i]f possible, every word and every provision is to be given effect (verba cum effectu sunt accipienda). None should be ignored. None should needlessly be given an interpretation that causes it to duplicate another provision or to have no consequence.
Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 170, 174 (2012) (footnote omitted) (Canons 25 and 26). Given these basic mies, I disagree that “officer” and “employee” mean the same thing—“officer”—in the Nevada Constitution, Article 15, Section 11, even though they are not used in that sense anywhere else in Article 15 or the Nevada Constitution as a whole.
*375 Nor does the legislative history support the majority’s conclusion that Article 15, Section 11 has no application to Sparks civil service employees doing work for the Municipal Court.
As the majority notes, the voters amended the Nevada Constitution in 1946 to add the italicized language to Article 15, Section 11 shown below:
The tenure of any office not herein provided for may be de-dared by law, or, when not so declared, such office shall be held during the pleasure of the authority making the appointment, but the Legislature shall not create any office the tenure of which shall be longer than four (4) years, except as herein otherwise provided in this Constitution. In the case of any officer or employee of any municipality governed under a legally adopted charter, the provisions of such charter with reference to the tenure of office or the dismissal from office of any such officer or employee shall control.
Nev. Const. art. 15, § 11. The majority reasons that, because the first sentence refers to “office[s],” the second sentence should be taken to apply only to “officers,” not civil service employees, when it refers to “any officer or employee of any municipality.” As support, it cites an editorial that appeared in the Nevada State Journal on November 2, 1946. But the Nevada State Journal editorial on which the majority relies says the exact opposite. It notes that, as originally adopted, Article 15, Section 11 “provide[d] that the legislature cannot create any office the tenure of which shall be longer than four years,” and reasons that, “[sjince the state constitution governs, a city cannot create an office the tenure of which [is] longer than four years.” Editorial, Question No. 1, Nevada State Journal, November 2, 1946, at 4. According to the 1946 editorial writer, this created problems for municipal civil service employees that the amendment was designed to fix:
Employees of cities, holding civil service status, are considered holding office and consequently it is contended their tenure of office would be limited to four years by strict application of the constitution. Civil service is designed to protect employees and make permanent their tenure of office.
The proposed amendment adds the following sentence to Section 11 of Article 15 of the constitution:
“In the case of any officer or employee of any municipality governed under a legally adopted charter, the provisions of such charter with reference to the tenure of office or the dismissal from office of any such officer or employee shall control.’ ’
The amendment simply broadens the field for municipal charters and in no other way directs the legislature to change *376 the four-year provision of the constitution with respect to state officers.
. . . [Its purpose ⅛] to remove ambiguities from the law which might cause unexpected trouble.
Id. (emphasis added). Thus, according to the source relied on by the majority, the final sentence of Article 15, Section 11 was added to ensure that, when it comes to municipal civil service employees, if the city has a “legally adopted” charter, that charter controls their “tenure or . . . dismissal.” This makes inexplicable the majority’s decision to invalidate the Sparks City Charter civil service provisions that, by their express terms, apply to all city employees except the Municipal Court’s court administrator and judicial assistants, authority over whom is vested in the Municipal Court.
The majority’s recitation of the history of this dispute demonstrates that the parties’ first instinct was correct. Thus, they originally looked to the political process of amending the Sparks City Charter to clarify the status of the employees besides the court administrator and judicial assistants who provide service to the Municipal Court. But they abandoned that avenue and turned to the courts for relief instead. By means of this shortcut, the tenure and dismissal of municipal employees whose employment, previously, was controlled by the Sparks City Charter civil service provisions is now controlled by the Municipal Court. Basic rules of construction do not permit express constitutional terms to be overridden that easily by concepts of implicit or inherent, but unwritten, authority.
I also note that, even if the Municipal Court could overcome Article 15, Section 11, the record assembled does not, in my estimation, make the threshold showings of impasse and need required for the judicial branch to exert its inherent authority against another, coordinate branch. Thus, while impasse and need are argued, the evidence does not establish such basic information as the positions involved, the services the affected employees provide, the impact the City Charter provisions have on their performance, or the threat having the City Charter provisions apply to them poses to the administration of justice in the Sparks Municipal Court. Only a few examples are given, one dating back to 2002; the others do not establish “the destruction or serious impairment of the administration of justice” and the failure of other alternatives that our case law requires. Devine, 72 Nev. at 60-61, 294 P.2d at 367-68 (reversing mandamus requiring the county to appoint a bailiff; although ‘ ‘the court or the judge has inherent power to secure an attendant for his court, at public expense, if the regular, orderly, statutory methods fail, or if the officials charged by the legislature arbitrarily or capriciously fail or neglect to provide the necessary attendant, whereby the efficient administration of justice is de *377 stroyed, or seriously impaired,” the record did not adequately establish impasse or need).
For these reasons, I would vacate the preliminary injunction issued by the district court, insofar as it applies to Municipal Court employees other than the court administrator and judicial assistants. As to the court administrator and judicial assistants, I agree with the majority’s reversal and remand. I therefore, respectfully, concur in part and dissent in part.

 Although legislatively, as opposed to constitutionally, created, Nev. Const, art. 6, § 1, municipal courts possess the same inherent powers as constitutionally created courts do. City of N. Las Vegas v. Daines, 92 Nev. 292, 295, 550 P.2d 399, 400 (1976).