**131 Nev., Advance Opinion 22**
IN THE SUPREME COURT OF THE STATE OF NEVADA

ALLEN VEIL, IN HIS OFFICIAL
CAPACITY AS THE DULY ELECTED
SHERIFF OF LYON COUNTY,
Appellant,
vs.
ROBERT J. BENNETT, IN HIS
OFFICIAL CAPACITY AS THE DULY
ELECTED JUSTICE OF THE PEACE
OF CANAL TOWNSHIP JUSTICE
COURT; AND CAMILLE
VECCHIARELLI, IN HER OFFICIAL
CAPACITY AS THE DULY ELECTED
JUSTICE OF THE PEACE OF DAYTON
TOWNSHIP JUSTICE COURT,
Respondents.

No. 63644

FILED

APR 3 0 2015



Appeal from a district court order issuing a writ of mandamus that directed appellant to enter warrant information into electronic databases. Third Judicial District Court, Lyon County; Robert E. Estes, Judge.

*Reversed.*

Keith Loomis, Reno,
for Appellant.

Virgil D. Dutt, Reno,
for Respondents.

BEFORE THE COURT EN BANC.

## OPINION

By the Court, PARRAGUIRRE, J.:

In this appeal, we are asked whether NRS 248.100(1)(c), which requires sheriffs to "execute" warrants, also imposes upon sheriffs the duty to enter warrant information into electronic databases. We conclude that the statute neither contemplates nor imposes such a duty on sheriffs. Therefore, we reverse.

### RELEVANT FACTS AND PROCEDURAL HISTORY

Appellant Allen Veil became Sheriff of Lyon County in 2007. At that time, Sheriff's Office employees entered information from all arrest warrants delivered to the Sheriff's Office into various electronic databases. In 2009, Sheriff Veil began trying to shift part of this task to the justice courts of Lyon County. Sheriff Veil proposed that Sheriff's Office employees continue to enter information into the databases from arrest warrants issued by the justice courts based on Sheriff's Office investigations. Sheriff Veil further proposed, however, that the justice courts enter information into the databases from all other justice court-issued arrest warrants, such as warrants arising from defendants' failure to appear. The Justice of the Peace of Walker River Township, who is not a party to this appeal, agreed to this arrangement. Respondents Robert Bennett and Camille Vecchiarelli, Justices of the Peace of Canal Township and Dayton Township, respectively, did not. At some point, the Sheriff's Office ceased entering information into the databases from arrest warrants issued by the justice courts that were not based on Sheriff's Office investigations.

Acting in their official capacities as Justices of the Peace, Bennett and Vecchiarelli petitioned the district court for a writ of mandamus to compel Sheriff Veil to enter information from all arrest warrants delivered to the Sheriff's Office into the databases. The district court granted the petition, explaining that NRS 248.100 imposed on Sheriff Veil a duty to execute warrants, and that in the modern age, this duty included entering warrant information into electronic databases. Sheriff Veil now appeals.

## DISCUSSION

"A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station." *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008); NRS 34.160. Generally, we review a district court's decision regarding a petition for a writ of mandamus for an abuse of discretion. *Reno Newspapers, Inc. v. Haley*, 126 Nev. 211, 214, 234 P.3d 922, 924 (2010). "However, when the writ petition includes questions of statutory construction, this court will review the district court's decision de novo." *Id.*

Statutory language must be given its plain meaning if it is clear and unambiguous. *D.R. Horton, Inc. v. Eighth Judicial Dist. Court*, 123 Nev. 468, 476, 168 P.3d 731, 737 (2007). "A statute is ambiguous if it is capable of being understood in two or more senses by reasonably well-informed persons." *Id.*

According to NRS 248.100(1)(c), "[t]he sheriff shall . . . *execute* the process, writs or warrants of courts of justice . . . when delivered to the sheriff for that purpose." (Emphasis added.) NRS Chapter 248 does not define "execute," but the word is defined elsewhere as "[t]o perform or complete." *Black's Law Dictionary* 649 (9th ed. 2009). An arrest warrant

SUPREME COURT
OF
NEVADA

(O) 1947A

3

is "[a] warrant . . . directing a law-enforcement officer to arrest and bring a person to court." *Black's Law Dictionary* 1722 (9th ed. 2009). Thus, the task commanded by an arrest warrant is performed or completed upon the arrest of the defendant. *See* NRS 171.122(1) (stating that an arrest "warrant must be *executed* by the arrest of the defendant" (emphasis added)); *Hayes v. State*, 106 Nev. 543, 548, 797 P.2d 962, 965 (1990) (stating that "police may enter a residence to *execute* an arrest warrant" (emphasis added)), *overruled on other grounds by Ryan v. Eighth Judicial Dist. Court*, 123 Nev. 419, 429, 168 P.3d 703, 710 (2007). In light of the plain meaning of "execute" as that term relates to arrest warrants, we conclude that NRS 248.100(1)(c) unambiguously requires sheriffs to arrest defendants named in arrest warrants but imposes no duty to enter warrant information into electronic databases.

We note that Sheriff Veil must act diligently in the performance of his official duties, including his duty to execute arrest warrants by arresting defendants. *See* NRS 248.060; 63C Am. Jur. 2d *Public Officers and Employees* § 243 (2009) ("Every public officer is bound to . . . . use reasonable skill and diligence in the performance of official duties."). It is within Sheriff Veil's discretion, however, to determine how best to execute arrest warrants under NRS 248.100(1)(c), and the district court improperly attempted to control the exercise of that discretion.

Entering warrant information into electronic databases may further the objectives of both law enforcement and the justice system, but NRS 248.100(1)(c) neither contemplates nor assigns this task. It is the role of the Legislature—not this court—to determine which entity is best suited to this task. *See Galloway v. Truesdell*, 83 Nev. 13, 20, 522 P.2d 237, 242 (1967). We therefore cannot graft this additional duty onto the

unambiguous language of NRS 248.100(1)(c). Accordingly, we conclude that the district court abused its discretion by ordering Sheriff Veil to enter warrant information into electronic databases, and we reverse the district court order granting the petition for a writ of mandamus.

_____, J.
Parraguirre

We concur:

_____, J.
Douglas

_____, J.
Saitta

_____, J.
Gibbons

SUPREME COURT
OF
NEVADA

(O) 1947A

PICKERING, J., with whom HARDESTY, C.J., and CHERRY, J., agree, concurring in the result only:

I concur in the result but not the reasoning of the majority. This is an appeal from a writ of mandamus compelling Sheriff Veil to enter all warrants issued by the two justices of the peace who are the real parties in interest into "whatever databases there are." But the real parties in interest did not demonstrate in the district court, and have not demonstrated on appeal, a statutory or other basis to say Sheriff Veil has a clear, ministerial duty to enter all warrants in "whatever databases there are." This being so, the writ must be vacated. I would stop there and leave for another day the broader question of Sheriff Veil's discretionary duties, or the duties he may owe based on sources besides NRS 248.100, in respect to entering warrants in electronic databases.

NRS 248.100(1)(c) obligates a sheriff in a county the size of Sheriff Veil's to "execute" justice court warrants. In 1861, when the statute was originally enacted, as today, the word "execute" means "to carry into complete effect," Noah Webster, *An American Dictionary of the English Language* 476 (1865), or "[t]o perform or complete." *Black's Law Dictionary* 609 (8th ed. 1999). And NRS 248.130, the companion to NRS 248.100, says that, on being delivered "any process, writ, order or paper"[1]

---

[1]Although Sheriff Veil argues to the contrary, warrants, including "fail-to warrants," i.e., bench warrants, by definition are "processes," "writs," and "papers." *See Black's Law Dictionary* 1242 (8th ed. 1999) ("process" is a "summons or writ, esp. to appear or respond in court"); *id.* at 164-65 (defining "bench warrant" as "[a] writ issued directly by a judge to a law-enforcement officer, esp. for the arrest of a person who . . . has failed to appear for a hearing or trial"); *id.* at 1142 ("paper" is "[a]ny written or printed document or instrument").

the sheriff "shall . . . [e]xecute the same *with diligence*," which is to say, by making "[a] continual effort to accomplish something," *Black's Law Dictionary* 488 (8th ed. 1999) (defining "diligence"), here, the arrest of the person named in the warrant.

In this day and age, "[e]lectronic databases form the nervous system of . . . criminal justice operations." *Herring v. United States*, 555 U.S. 135, 155 (2009) (Ginsburg, J., dissenting). Nevada, like all states, works with the FBI's National Crime Information Center. *National Crime Information Center*, FBI, http://www.fbi.gov/about-us/cjis/ncic (last visited Apr. 2, 2015). Nevada also has joined interstate compacts such as the National Crime Prevention and Privacy Compact Council, *List of Compact/MOU States*, FBI, http://www.fbi.gov/about-us/cjis/cc/compact-mou-participation/list_of_compact_mou_states (last visited Apr. 2, 2015), to which our agencies of criminal justice must submit reports, and which we may in turn use, *see* 42 U.S.C. § 14616 (2012); NRS 179A.800, and it is one of thirteen states that is a full point of contact for the National Instant Criminal Background Check System.[2] *See* NRS 179A.163. Under Nevada law, "[e]ach agency of criminal justice shall submit the information relating to records of criminal history that it creates or issues" to the Central Repository for Nevada Records of Criminal History. NRS 179A.075(3); *see also* NRS 179A.070(1) ("record[s] of criminal history" include, amongst other things, "summons in a criminal action, [and] warrants"). Given all this, and being tasked with "executing" warrants "with diligence," I am not prepared to say, as the majority does,

---

[2]*National Instant Criminal Background Check System*, FBI, http://www.fbi.gov/about-us/cjis/nics/general-information/participation-map (last visited Apr. 2, 2015).

SUPREME COURT
OF
NEVADA

(O) 1947A

2

that without legislative action, Sheriff Veil has no duty to enter warrants delivered to him into the databases likely to produce an eventual arrest to accomplish that task, specifically, those specified in NRS Chapter 179A.

But the problem in this case is that it is an appeal from *a writ of mandamus* commanding Sheriff Veil to enter all justice court warrants "into *whatever data bas[es]* there are." It is well established that "[m]andamus is an *extraordinary* remedy," *Jones v. Eighth Judicial Dist. Court*, 130 Nev. Adv. Op. No. 53, 330 P.3d 475, 478 (2014) (emphasis added), and that "mandamus against an officer is an appropriate remedy only where he refuses to perform *a definite present duty imposed upon him by law*," *State ex rel. Conklin v. Buckingham*, 58 Nev. 450, 453, 83 P.2d 462, 463 (1938) (emphasis added). For mandamus to lie, in other words, the duty must be ministerial, not discretionary. *State v. Eighth Judicial Dist. Court (Zogheib)*, 130 Nev. Adv. Op. No. 18, 321 P.3d 882, 884 (2014); *State ex rel. Mighels v. Eggers*, 36 Nev. 364, 367, 136 P. 104, 105 (1913). Here, while it certainly appears that the sheriff, in performing his duty to execute warrants "with diligence," should enter the warrants at minimum into databases required by NRS Chapter 179A, the respondents did not demonstrate a nondiscretionary mandate that he must enter all warrants into "whatever databases there are" or be in default of a ministerial duty. In this case, therefore, extraordinary writ relief is not justified. *State v. Mack*, 26 Nev. 85, 86, 63 P. 1125, 1125 (1901) ("This court has held that the writ should be awarded only in a case when the party applying shows a clear right to have the respondent do the thing which he is sought to be compelled to do."). Thus, while the majority seems to say NRS 248.100 imposes *no* duty to enter the warrants into appropriate electronic databases, I would say that the real parties in interest failed to establish

the existence of a *ministerial* duty to enter warrants into "whatever databases exist."

I also disagree with the majority's suggestion that until the Legislature acts in this matter, writ relief cannot lie. All three branches of government play vital roles in our criminal justice system. *See generally* Rachel E. Barkow, *Separation of Powers and the Criminal Law*, 58 Stan. L. Rev. 989 (2006); *see also NV Criminal Justice Agencies*, Nevada Commission on Peace Officers' Standards and Training, http://post.nv.gov/General/Agencies/Lyon_County/ (last visited Apr. 2, 2015) (listing Dayton Justice Court, Fernley Justice Court, *and* the Lyon County Sheriff's Office as criminal justice agencies). So, for example, it is not clear that the Third Judicial District Court could not direct the Sheriff to enter the justice court warrants into specified databases, whether pursuant to NRS 248.100(1)(b) ("The sheriff shall . . . [o]bey all the lawful orders and directions of the district court in his or her county."), or as an extension of the court's power over the sheriff who attends court on behalf of the executive branch. *Wis. Prof'l Police Ass'n v. Dane Cnty.*, 439 N.W.2d 625, 628 (Wis. Ct. App. 1989) ("When the sheriff attends the court, he attends as an officer of the court. . . . It is the duty of the sheriff to . . . carry out the court's orders." (internal quotations omitted)); *see Bd. of Cnty. Comm'rs v. Devine*, 72 Nev. 57, 60, 294 P.2d 366, 367 (1956) (observing that "the court or the judge has inherent power to secure an attendant for his court" to carry out the court's directions); *see also State v. Graham*, 203 N.W.2d 600, 603 (Iowa 1973) ("Where, as in this case, an officer such as a sheriff or his deputy is, in his official capacity, engaged in the performance of his duties required of him by a court order, judgment or decree, . . . he is unquestionably a part of the judicial machinery . . . .").

If such directions were given and defied, writ relief very well might lie—without any action by the Legislature. So, too, the executive branch may or might already have directed sheriffs to enter particular warrants in particular databases, we just don't know. *See Galloway v. Truesdell*, 83 Nev. 13, 20, 422 P.2d 237, 242 (1967) ("The executive power[,]" of which the sheriff is a member, "extends to the carrying out and enforcing the laws enacted by the Legislature"); *Wis. Prof'l Police Ass'n*, 439 N.W.2d at 629 ("[I]t is the court's warrant which initiates the process by which a prisoner is ultimately returned to face trial."). It is also arguable, though not argued, that the data-entry duty already exists by virtue of NRS Chapter 179A, at least as to information and databases addressed in that Chapter. Thus, I cannot agree with the majority that no such ministerial duty exists or can arise until the Legislature takes further action in this matter.

But the point is, none of these approaches was adequately briefed or argued. We are given an all-or-nothing proposition: NRS 248.100 imposes a ministerial duty on the sheriff to enter warrants into unspecified databases.[3] NRS 248.100 does not say this and, while other sources of such duty may exist or come to exist, they were not identified or argued. Thus, while I agree with the majority that NRS 248.100 does not impose a ministerial duty to enter warrants into unspecified databases, I would limit the holding to that and leave for another day whether the statute imposes a discretionary duty, or whether such a duty, ministerial in nature, might otherwise exist or be established. I'd also leave for

---

[3]Sheriff Veil discussed the database systems that the Lyon County Sheriff's Office uses, but the respondents only address the Central Repository for Nevada Records of Criminal History.

another day whether a district court, by order or direction, or the executive branch, directly or by regulation, can or may already have directed Sheriff Veil to enter bench warrants into law enforcement databases.

For these reasons, I concur but in the result only.

_____, J.
Pickering

We concur:

_____, C.J.
Hardesty

_____, J.
Cherry

SUPREME COURT
OF
NEVADA

(O) 1947A