**141 Nev., Advance Opinion 49**

IN THE SUPREME COURT OF THE STATE OF NEVADA

CLARK COUNTY DEPUTY MARSHALS ASSOCIATION AND RAYMUNDO ENRIQUEZ,
Appellants,
vs.
CLARK COUNTY, A POLITICAL SUBDIVISION OF THE STATE OF NEVADA; AND THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK,
Respondents.

No. 87500



FILED

OCT 23 2025

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Appeal from a district court order granting summary judgment in an action for declaratory and injunctive relief. Eighth Judicial District Court, Clark County; Steve L. Dobrescu, Judge.

*Affirmed.*

Law Office of Daniel Marks and Daniel Marks and Adam Levine, Las Vegas, for Appellants.

Aaron D. Ford, Attorney General, Sabrena K. Clinton, Deputy Attorney General, and Jessica E. Whelan, Deputy Solicitor General, Carson City; Steven B. Wolfson, District Attorney, and Scott Davis and Nicole Malich, Deputy District Attorneys, Clark County, for Respondents.

BEFORE THE SUPREME COURT, HERNDON, C.J., and PARRAGUIRRE and STIGLICH, JJ.

25-46225

*OPINION*

By the Court, STIGLICH, J.:

Appellant Raymundo Enriquez, a deputy marshal who served at the respondent Eighth Judicial District Court (EJDC), and appellant Clark County Deputy Marshals Association (CCDMA) sought a declaratory judgment to establish that deputy marshals who work at the EJDC are employees of respondent Clark County. Had such a determination been made, Enriquez would have been entitled to a hearing challenging the EJDC's reprimand for his conduct during his tenure as a deputy marshal. The district court declined to grant declaratory relief and instead granted summary judgment for Clark County and the EJDC, finding that deputy marshals serve exclusively within the judicial department, carrying out duties assigned by the courts and remaining subject to the authority and oversight of the judges whom they support. The district court thus concluded that deputy marshals are employees of the court, not the county. The Nevada Constitution and related statutes support the district court's conclusion. And because the deputy marshals are constitutionally designated as judicial department employees, appellants' argument that they are employed within the executive department because they are part of a law enforcement agency fails. Thus, we affirm the district court's decision.

*FACTS AND PROCEDURAL HISTORY*

Raymundo Enriquez was employed as a deputy marshal at the Clark County Regional Justice Center. In 2019, Enriquez was subject to an internal investigation that resulted in a written reprimand. On Enriquez's behalf, CCDMA sought a hearing on the matter pursuant to NRS Chapter 289, which provides peace officers and other law enforcement personnel with certain procedural protections. *Cf.* NRS 289.020(2) ("If a peace officer

SUPREME COURT
OF
NEVADA

(O) 1947A

is denied a promotion on grounds other than merit or other punitive action is used against the peace officer, a law enforcement agency shall provide the peace officer with an opportunity for a hearing."); NRS 289.120 (stating that any peace officer aggrieved by an action of the peace officer's employer may seek judicial relief after exhausting any applicable internal grievance procedures). Ultimately, the Nevada Local Government Employee-Management Relations Board concluded that Enriquez was not entitled to a hearing because deputy marshals are employed by the courts and local government employees' collective bargaining rights did not apply since courts are not local government employers under NRS 288.060.

Appellants filed a district court complaint against Clark County and the EJDC seeking, as relevant here, a declaration that deputy marshals serving at the EJDC are employees of Clark County. All district judges in Clark County recused themselves, and the matter was assigned to the Honorable Steve L. Dobrescu of the Seventh Judicial District Court. Following motions practice, the district court granted summary judgment for respondents, concluding that deputy marshals serving at the EJDC are employees of the EJDC. The court observed that deputy marshals perform functions that are judicial in nature or directly support court operations and they do not perform general law enforcement functions. This appeal followed.

## DISCUSSION

Appellants argue that the district court erred in granting summary judgment. Summary judgment is proper if "the pleadings and other evidence on file demonstrate that no genuine issue of material fact [remains] and that the moving party is entitled to judgment as a matter of law." *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005) (internal quotation marks omitted); *see* NRCP 56(c). We review both a

district court decision to grant summary judgment and issues of constitutional or statutory interpretation de novo. *Wood*, 121 Nev. at 729, 121 P.3d at 1029 (summary judgment); *Lawrence v. Clark County*, 127 Nev. 390, 393, 254 P.3d 606, 608 (2011) (constitutional and statutory interpretation).

*Employing deputy marshals falls within the judiciary's inherent authority to control its courtrooms and does not interfere with separation of powers principles*

Appellants first contend that treating deputy marshals as judicial department employees violates the separation of powers constitutional mandate. They contend that deputy marshals are peace officers whose duties include enforcing the law—a function of the executive department—and thus that the constitution prohibits them from being employed by the judicial department.

The separation of powers doctrine is embedded in the state constitution as a fundamental principle of government structure. Nev. Const. art. 3, § 1(1). The Nevada Constitution expressly distributes powers to each of the three government departments, as set forth in Article 4 (legislative), Article 5 (executive), and Article 6 (judicial). *Comm'n on Ethics v. Hardy*, 125 Nev. 285, 292, 212 P.3d 1098, 1103 (2009). At issue here are the powers of the executive and judicial departments. The executive department is tasked with carrying out and enforcing legislative enactments, which encompasses law enforcement duties performed by officers acting on behalf of state or local governments. *Galloway v. Truesdell*, 83 Nev. 13, 20, 422 P.2d 237, 242 (1967). The judiciary's substantive function is to hear and determine justiciable controversies. *Id.*

In addition to these express powers, "each department possesses inherent power to administer its own affairs and perform its duties, so as not to become a subordinate branch of government." *Halverson*

*v. Hardcastle*, 123 Nev. 245, 261, 163 P.3d 428, 439 (2007) (internal quotation marks omitted). These inherent powers are also rooted in the principle of separation of powers. *Sun Realty v. Eighth Jud. Dist. Ct.*, 91 Nev. 774, 776, 542 P.2d 1072, 1073 (1975). In the judicial context, "the concept of inherent court power" contemplates that the judiciary "possesses the inherent power to protect itself and administer its affairs." *Id.* Implicit in this authority is the right to select and manage employees, as that "relates directly to [a court's] essential functions." *City of Sparks v. Sparks Mun. Ct.*, 129 Nev. 348, 365, 302 P.3d 1118, 1130 (2013). As the functioning of the judiciary requires courts to "ensure the safety of court officers, parties, and the public," maintaining court security is an authority constitutionally bestowed to courts. *See State v. Hartzog*, 635 P.2d 694, 701 (Wash. 1981) ("It is fundamental that a trial court is vested with the discretion to provide for courtroom security."); *see Halverson*, 123 Nev. at 262, 163 P.3d at 441 ("[C]ourts have inherent authority to make certain that their courtrooms are secure."); *Oade v. State*, 114 Nev. 619, 621, 960 P.2d 336, 338 (1998) ("A trial judge has a responsibility to maintain order and decorum in trial proceedings."); *In re Petition of Governor*, 846 A.2d 1148, 1153 (N.H. 2004) (recognizing "that the judiciary's exercise of administrative powers to control its courtrooms specifically did not interfere with the separation of powers doctrine because 'security is an integral part of the essential adjudicatory function of the courts'" (quoting *In re Mone*, 719 A.2d 626, 633 (N.H. 1998))).

In maintaining courtroom security and order, courts rely on deputy marshals and bailiffs, who operate under judicial supervision, not under the supervision or control of the county sheriff. And deputy marshals, in performing their duties, serve a fundamentally judicial purpose within the court system; thus, the court's inherent authority to appoint and

manage assistants extends to those performing necessary security-related functions. *Cf. State v. Graham*, 203 N.W.2d 600, 603 (Iowa 1973) ("Where, as in this case, an officer such as a sheriff or his deputy is, in his official capacity, engaged in the performance of his duties required of him by a court order, judgment or decree, civil or criminal, he is unquestionably a part of the judicial machinery."). Accordingly, appellants' separation of powers argument fails, given the judiciary's established authority to employ personnel essential to its function.

*Deputy marshals are not situated outside the judiciary by virtue of appointment or reference to attendants*

Appellants next argue that deputy marshals are attendants to the court provided by the county rather than employees of the court, relying on NRS 3.310; *Board of County Commissioners v. Devine*, 72 Nev. 57, 294 P.2d 366 (1956); and a previous version of NRS 3.100. We conclude that this reliance is misplaced and that these authorities do not establish that deputy marshals are situated outside the judiciary.

NRS 3.310(1)-(3) provide that a court may appoint a deputy marshal who shall have the duty to "[p]reserve order in the court," "[a]ttend upon the jury," "[o]pen and close the court," and "[p]erform any other duties as may be required of him or her by the judge of the court." *Devine* recognized "[t]hat the court or the judge has inherent power to secure an attendant for his court" if the statutory provisions for such impede its ability to administer justice. 72 Nev. at 60, 294 P.2d at 367. And before it was amended in 2023, NRS 3.100 specifically required counties to provide courts with "attendants" who would assist in operations. 2023 Nev. Stat., ch. 427, § 27, at 2605 (modernizing NRS 3.100).

To begin, the duties enumerated in NRS 3.310(3) go directly to the judiciary's power to manage its affairs, maintain order in the courtroom,

and ensure the safety of those inside it. Because these powers flow from our state's constitution, we conclude that the EJDC has the authority to employ deputy marshals to fulfill these responsibilities. That a court has the power to "appoint" a deputy marshal does not suggest that the appointee is not a court employee. To the contrary, courts have the power to appoint masters in criminal and family proceedings, NRS 3.2201(6); NRS 3.245, along with court reporters, NRS 3.380(2), and court clerks appoint deputy clerks, NRS 3.260; it strains credulity to suggest such appointees are not acting within the judiciary. Moreover, the statutory use of "attend" in NRS 3.310(3) and "attendants" in a previous version of NRS 3.100 do not entail that deputy marshals are outside the judiciary, as deputy marshals' duties are to the court, rather than the county or another department of government. *See Wis. Pro. Police Ass'n v. Dane County*, 439 N.W.2d 625, 628 (Wis. Ct. App. 1989) (recognizing that, "[w]hen the sheriff attends the court, he attends as an officer of the court" who has a duty "to carry out the court's orders" (internal quotation marks omitted)); *see also Mayenbaum v. Murphy*, 5 Nev. 383, 388 (1870) (observing that a sheriff acts as an officer of the court in serving a summons).

   *Devine*, in turn, addressed statutes setting forth the duties of a bailiff, what bailiffs must be appointed, and when a court may exercise its inherent power to secure a bailiff. 72 Nev. at 59-60, 294 P.2d at 367-68. To the limited extent that it is relevant here, *Devine* recognized that bailiffs were subject to instruction and control of the judge, not that they were constitutionally apart from the judiciary as "attendants." *Id.* at 60-61, 294 P.2d at 367-68. Further, *Devine* and the current version of NRS 3.100 both endorse that the procedure governing bailiffs and administering the court must allow the district court to fulfill its constitutional functions. *See id.* at 60, 294 P.2d at 367; NRS 3.100(3)-(4) (providing that counties may not

impose requirements or deprive a court of resources to carry out its constitutional role); *see also Merrill v. Phelps*, 84 P.2d 74, 78 (Ariz. 1938) (providing that a statute concerning attendants provided to a court is constitutional unless "it prevents or hampers the performance of the constitutional duties imposed on the court"); *Leahey v. Farrell*, 66 A.2d 577, 580 (Pa. 1949) (similar). Entrusting the performance of functions necessary to the judiciary's implementation of its adjudicatory function to persons situated in the executive department would encroach on the judiciary's constitutional role and thus violate the separation of powers doctrine and conflict with *Devine* and NRS 3.100.

*Deputy marshals need not be employed by a law enforcement agency*

Appellants next argue that deputy marshals must be employed by law enforcement agencies for two reasons. First, appellants argue that deputy marshals enforce the law pursuant to NRS 289.010 and are therefore part of the executive department. Second, appellants assert that, by statute, deputy marshals must be certified as peace officers and have the powers of a peace officer. They argue that because deputy marshals have the powers of a peace officer and law enforcement agencies employ any person with some or all powers of a peace officer, deputy marshals must be employed by a law enforcement agency and therefore must be within the executive department. And thus, appellants argue that deputy marshals, as employees of a law enforcement agency, must receive the protections of the Peace Officer Bill of Rights.

NRS 289.010(3)(a) defines a "[l]aw enforcement agency" to include an "agency, office, bureau, department, unit or division created by any statute, ordinance or rule which: (a) Has a duty to enforce the law; and (b) Employs any person upon whom some or all of the powers of a peace

Supreme Court
of
Nevada

(0) 1947A

officer are conferred."[1] In this context, to "enforce" means "[t]o give force or effect to (a law, etc.); to compel obedience to." *Enforce, Black's Law Dictionary* (12th ed. 2024). And a "law" is "[a] statute," or "[t]he aggregate of legislation, judicial precedents, and accepted legal principles; the body of authoritative grounds of judicial and administrative action." *Law, Black's Law Dictionary* (12th ed. 2024). In line with these definitions, this court has noted that "[t]he function of law enforcement is the prevention of crime and the apprehension of criminals." *Hill v. State*, 95 Nev. 327, 333, 594 P.2d 699, 703 (1979); *see also Galloway*, 83 Nev. at 20, 422 P.2d at 242 ("The executive power extends to the carrying out and *enforcing* the laws enacted by the Legislature." (emphasis added)).

In applying NRS 289.010(3) here, we first address whether deputy marshals are prescribed a duty to enforce the law and find they are not. The duties of deputy marshals are not primarily to enforce the law; rather, deputy marshals are duty bound to preserve order in the court, attend to the jury, open and close the court, and perform what other duties the judge requires. Deputy marshals are not giving force or effect to any law—the role of certain individuals within the executive department.

---

[1]In adding a definition to NRS 289.010 in 2025, the Legislature renumbered the statute's contents, moving the definition of "Law enforcement agency" from subsection 3 to subsection 4. *See* 2025 Nev. Stat., ch. 389, § 1, at 2592.

Appellants dispute the court of appeals' construction of "law enforcement agency" for purposes of NRS Chapter 289 in *Knickmeyer v. State ex rel. Eighth Judicial District Court*, 133 Nev. 675, 408 P.3d 161 (Ct. App. 2017), which preceded the 2019 amendment that defined "law enforcement agency" for the first time, 2019 Nev. Stat., ch. 430, § 1.5, at 2660. While appellants contest *Knickmeyer*'s analysis, we interpret the subsequently enacted definition, do not rely on *Knickmeyer*, and thus need not address appellants' discussion in this regard.

SUPREME COURT
OF
NEVADA

(O) 1947A

Instead, the marshals' duties as stated in NRS 3.310(3) serve the judiciary and its functioning. The authority deputy marshals exercise relates directly to the court's performing its core judicial functions and demonstrates why the court reasonably needs to control its employees. We therefore conclude that deputy marshals are not among those encompassed by NRS 289.010(3)(a).

We next turn to the element that law enforcement agencies employ individuals with the powers of a peace officer. Appellants' analysis mistakenly assumes that the definition of a law enforcement agency in NRS 289.010(3) imposes an employment requirement on individuals with the powers of a peace officer. This is incorrect. Rather, the statute sets a condition for what makes an agency a law enforcement agency, not a condition for who may possess peace officer powers. Numerous examples within the statutory scheme provide further support. For instance, any person "employed" by the supreme court to provide for the safety and security of justices and employees "has the powers of a peace officer." NRS 289.155. The Nevada Supreme Court, by its nature, is not a law enforcement agency and not part of the executive department. *See* Nev. Const. art. 3, § 1(1). Other examples of employees with peace officer powers who are not part of a law enforcement agency include forensic technicians and correctional officers *"employed by* the Division of Public and Behavioral Health of the Department of Health and Human Services at facilities for offenders with mental disorders [and] have the powers of peace officers," NRS 289.240 (emphasis added), and "[r]angers and *employees* of the Division of State Parks of the State Department of Conservation and Natural Resources [who] have . . . the same power to make any arrests as any other peace officer," NRS 289.260(1) (emphasis added). While DHHS and DCNR are executive agencies that employ individuals with peace officer

Supreme Court
OF
Nevada

(0) 1947A

powers in specific roles and under specific conditions, they are not law enforcement agencies. We therefore conclude that NRS 289.010(3)(b), similarly, does not entail that deputy marshals must be employed by law enforcement agencies.

Appellants' reasoning reflects the fallacy of affirming the consequent, assuming that because a particular result occurred, the specific condition appellants identified must have caused it. *See Fallacies, Stanford Encyclopedia of Philosophy*, https://plato.stanford.edu/entries/fallacies/ (last visited October 6, 2025) (defining affirmation of the consequent as "a special case of the fallacy of accident, observing that consequence is not convertible"). Such a flawed inference follows from assuming that if A implies B, then B must also imply A. *Id.* Arguments based on incorrect assumptions or rooted in logical fallacies fail to support claims of error and are routinely rejected. *In re Stewart Foods, Inc.*, 64 F.3d 141, 145 n.3 (4th Cir. 1995) (rejecting a conclusion that "(1) If a debtor rejects a contract, then a general unsecured claim exists[;] (2) A general unsecured claim exists[;] (3) Therefore, the debtor must have rejected a contract"); *City of Green Ridge v. Kreisel*, 25 S.W.3d 559, 563-64 (Mo. Ct. App. 2000) (pointing out a party's failure "to recognize that, while zoning ordinances may address health and safety issues, other types of ordinances may also address health and safety issues without becoming zoning ordinances" because "there are many other kinds of ordinances which also regulate public health and safety"). As appellants' position is logically deficient, we reject it. Accordingly, the Eighth Judicial District Court may employ individuals with the powers of a peace officer, such as deputy marshals.

*Remaining claims*

Appellants' argument that deputy marshals must be employed by the county because only an employer sets a salary and the county sets deputy marshals' salaries also fails. The Nevada Legislature typically sets the maximum salary for state employees, such as, for example, the staff of the Office of the Attorney General. *E.g.*, 2023 Nev. Stat., ch. 173, § 1, 981-82. Those state employees remain within the executive department and are not part of the legislative department by virtue of who sets their salaries.

Lastly, appellants contend that the Clark County Code governs the county's treatment of competitive and noncompetitive service. Appellants fail to provide cogent argument or relevant authority regarding how this distinction affects a separation of powers analysis or bears on the constitutional functions served by the duties of deputy marshals, and we therefore decline to address it. *See Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (declining to address a claim not supported by relevant authority or cogent argument).

## CONCLUSION

Consistent with the separation of powers doctrine and the statutory framework governing deputy marshals' responsibilities, deputy marshals of the EJDC are employed by the court and not by Clark County. While deputy marshals have peace officer powers, they are not part of a law enforcement agency. Rather, their duties within the court are those that play an integral role in the functions of the court in which they work. Deputy marshals' role centers on courtroom security and judicial support, which are core functions essential to the court's independence and its ability to fulfill its duty to ensure the orderly administration of justice. The

judiciary has the inherent power to employ individuals to facilitate judicial operations, and deputy marshals fall within this category. Because the statutes appellants invoke do not apply to Enriquez, appellants' argument that Enriquez had a statutory right under NRS Chapter 289 to a hearing to contest his reprimand fails. Accordingly, we affirm the district court's order granting summary judgment for respondents.

_____, J.
Stiglich

We concur:

_____, C.J.
Herndon

_____, J.
Parraguirre

Supreme Court
OF
Nevada

(O) 1947A